# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL GLENN BRAXTON**, | |
| Petitioner, | No. 2:08-cv-0787-AK |
| v. | |
| **KATHY PROSPER**, Warden | **ORDER** |
| Respondent. | |

Michael Glenn Braxton was convicted of attempted murder for shooting at his neighbor. Braxton now seeks a writ of habeas corpus under 28 U.S.C. § 2254. He claims that the trial court's imposition of the upper sentencing term violated his Sixth Amendment rights. He further argues that he was denied due process by the admission of earlier statements he made to police, the court's erroneous jury instructions and jury misconduct.

## Background

On August 30, 1999, Braxton shot his gun into the ground following an altercation with a neighbor. Police were called and arrested Braxton after he admitted discharging the weapon. When the officers told him they were going to confiscate his gun, Braxton retorted that he could easily get another one. He told

page 2

them that his childhood nickname was "hit man" and that he had hurt people before and wouldn't hesitate to do so again.  People v. Braxton, Nos. A096083, 110446, 2007 WL 241648, at *2 (Cal. Ct. App. Jan. 30, 2007).

Because of his arrest, the managers of his mobile park served Braxton with a notice of eviction.  Two days later, Braxton passed by the assistant manager of the mobile park, Beatrice Bruno.  According to Bruno and several bystanders, Braxton called out Bruno's name, pulled out a gun and shot her several times, once in the finger and three times in the chest.  Braxton fled but was arrested within the hour, with his blood alcohol level at 0.18 percent.  He admitted to the shooting.  Id. at *2–3.

At trial, Braxton defended on the ground that he "blacked out" during the incident and didn't intend to harm Bruno, but the jury returned a verdict of attempted murder.  Id. at *3–4.  Braxton's motion for a new trial was denied.  The California Court of Appeal upheld his conviction, and the California Supreme Court granted, held and ultimately dismissed his petition for discretionary review after deciding another case, People v. Black (Black II), 161 P.3d 1130 (Cal. 2007), that raised one of the same issues.  Braxton now seeks habeas relief.

## Analysis

"[S]tate courts are the principal forum for asserting constitutional challenges to state convictions."  Harrington v. Richter, 131 S. Ct. 770, 787 (2011).  Federal habeas review provides a backstop against "extreme malfunctions in the state criminal justice systems," but it does not function as an ordinary step in the chain of appeals.  Id. at 786 (internal quotation marks omitted).  Accordingly, a state prisoner must give state courts the opportunity to remedy the alleged constitutional errors before he seeks relief from conviction in federal court.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  And, once a state court has considered and rejected the prisoner's federal claims on the merits, we owe substantial deference to its disposition.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ will not issue unless the state's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 411 (2000).  Furthermore, the state court's constitutional error must have had a

"substantial and injurious effect or influence in determining the jury's verdict."

Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks omitted).

We have less reason for restraint in the "rare cases" where a petitioner properly exhausts his claims but the state courts nonetheless decline to reach them on the merits. Williams v. Cavazos, 646 F.3d 626, 637–38 (9th Cir. 2011), certiorari granted in 132 S. Ct. 1088 (2012). In such circumstances, habeas review doesn't frustrate federalism values because the state courts have declined to take a first pass at petitioner's constitutional claims. Id. at 637. Neither does it undermine "the State's significant interest in repose for concluded litigation," because its courts have chosen to leave federal issues unresolved. Id. at 637–38 (internal quotation marks omitted). Where the state court fails to reach the merits of an exhausted federal claim, we review de novo. Id. at 637; Lewis v. Mayle, 391 F.3d 989, 996 (9th Cir. 2004).

Here the state courts decided only one of Braxton's federal claims on the merits. The California Supreme Court granted review of his constitutional challenge to the length of his sentence, which it ultimately dismissed in light of its holding in Black II. The court's rules allow it to grant and hold cases while it decides another case raising the same issue. Cal. S. Ct. R. 8.512(d). Once it decides the main case, it may "dismiss review in any pending companion case . . . that appears correctly

decided in light of the lead case and presents no additional issue requiring resolution by the Supreme Court or the Court of Appeal." Cal. S. Ct. R. 8.528 advisory committee comment. We review such a dismissal as an adjudication on the merits. Thompson v. Lea, 681 F.3d 1093, 1095 n.3 (9th Cir. 2012). As to the remaining claims, the California Court of Appeal was the last to consider them on the merits. Because that court denied those claims on state law grounds without passing upon the federal issues, we review de novo. Williams, 646 F.3d at 637.

**1.** Braxton claims that his Sixth Amendment rights were violated because the state trial judge relied on facts other than his prior convictions when she imposed the upper term for his sentence. He argues that the state judge's statements that "defendant has engaged in violent conduct which indicates a serious danger to society" and "defendant's prior convictions are numerous" were questions of fact for the jury to determine. He relies on Cunningham v. California, 549 U.S. 270, 274 (2007), where the Supreme Court held that California's procedure for selecting upper terms violated the Sixth and Fourteenth Amendments because it "assigns to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence."

The California Supreme Court disposed of this argument in Black II, 161 P.3d

at 1138, where it held that a sentencing judge may consider facts not found by the jury in imposing the upper term so long as at least one aggravating factor was established in accordance with the Sixth Amendment.  Under state law, only one aggravating factor is needed to expose defendant to the upper sentencing term.  See Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008).

Braxton had one such aggravating factor in his prior convictions, which included one for felony assault.  The U.S. Supreme Court has consistently stated that prior convictions are an exception to the general rule that "'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"  Butler, 528 F.3d at 643 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).  Whether Braxton's previous convictions were "numerous" is part of the fact of conviction, which the sentencing judge was entitled to find on her own.  See Almendarez-Torres v. United States, 523 U.S. 224, 243–44 (1998).  Because at least one aggravating factor was established in accordance with the Sixth Amendment, the state supreme court's rejection of Braxton's Sixth Amendment claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

**2.**  About two weeks before Braxton shot Bruno, Braxton discharged a gun in his backyard.  When officers showed up, Braxton told them he was nicknamed "hit man" as a teenager and had no qualms about hurting people.  <u>Braxton</u>, 2007 WL 241648, at *9.  He also boasted that "it would be no big deal to go get another gun" if police confiscated his.  <u>Id.</u>  Braxton objected to the use of those statements at trial on the grounds that they were irrelevant and unduly prejudicial.  On appeal, he argued that the statements constituted inadmissible propensity evidence and that their admission violated his federal due process rights.  The state appeals court denied his claims solely on state law grounds.  In his habeas petition, he claims error under state law and the federal Constitution.

A federal court will generally not grant habeas relief for state law evidentiary errors.  It's "not the province of a federal habeas court" to second guess state courts on issues of state law.  <u>Estelle</u> v. <u>McGuire</u>, 502 U.S. 62, 67–68 (1991).  Instead, we consider whether the conviction "violated constitutional norms" and whether the admission of the challenged evidence "so fatally infected the proceedings as to render them fundamentally unfair."  <u>Jammal</u> v. <u>Van de Kamp</u>, 926 F.2d 918, 919 (9th Cir. 1991).  "Only if there are <u>no</u> permissible inferences the jury may draw from the evidence can its admission violate due process" and, even then, "the evidence must be of such quality as necessarily prevents a fair trial."  <u>Id.</u> at 920 (internal

quotation marks omitted); see also Coleman v. Johnson, 132 S. Ct. 2060, 2064 (2012) (per curiam) (noting that juries have "broad discretion" consistent with due process "in deciding what inferences to draw from the evidence presented at trial").

In Braxton's case, the other uncontested evidence, including the victim's statements, eyewitness testimony and Braxton's own admission to police, overwhelmingly pointed to his guilt.  Braxton therefore fails to show that the admission of his prior statements "so fatally infected the proceedings as to render them fundamentally unfair." Jammal, 926 F.2d at 919.

**3.**  Braxton also argues that the jury instructions misled jurors into believing they first had to decide the attempted murder charge before they could contemplate the lesser charge of assault with a firearm.  The Court of Appeal found that the trial judge initially erred in her instructions but, because she immediately corrected herself, there was no reversible error.  Braxton, 2007 WL 241648, at *10–11. Whether or not the instruction was ambiguous or deficient under state law, habeas relief will not lie unless the "ailing instruction . . . so infected the entire trial that the resulting conviction violates due process." Middleton v. McNeil, 541 U.S. 433, 437 (2004) (per curiam) (internal quotation marks omitted).  Given the trial judge's multiple reminders to jurors of their "discretion to choose the order in which you

page 9

evaluate each crime and consider the evidence pertaining to it," the instruction did

not render the trial fundamentally unfair.  Braxton, 2007 WL 241648, at *5 n.4.

Braxton also argues that the trial court should have instructed the jury on the

lesser offense of attempted voluntary manslaughter.  The Court of Appeal upheld the

trial court's decision not to include the lesser offense on the state law ground that

there was no evidence of provocation or imperfect self-defense.  Braxton, 2007 WL

241648, at *11 (citing People v. Rios, 2 P.3d 1066, 1075 n.10 (Cal. 2000)).

Braxton's opportunity for relief ended with the state courts.  "Failure of a state court

to instruct on a lesser offense fails to present a federal constitutional question and

will not be considered in a federal habeas corpus proceeding."  Bashor v. Risley, 730

F.2d 1228, 1240 (9th Cir. 1984) (internal quotation marks omitted).  A court's failure

to include an instruction violates due process only if the error "so infected the entire

trial that the resulting conviction violates due process."  Henderson v. Kibbe, 431

U.S. 145, 154 (1977) (internal quotation marks omitted); see also Menendez v.

Terhune, 422 F.3d 1012, 1029 (9th Cir. 2005).  That is certainly not the case here.

**4.**  Braxton alleges that several jurors purposefully misrepresented the

instructions during deliberations, but the juror statements that Braxton relies on are

inadmissible under section 1150 of the California Evidence Code, as they relate to

the way the jury interpreted and applied the instructions.  See People v. Morris, 807 P.2d 949, 997 (Cal. 1991) (in bank) (stating that evidence of how the jury understood the court's instructions is inadmissible), overruled on other grounds by People v. Stansbury, 889 P.2d 588, 591 n.1 (Cal. 1995); People v. Sanchez, 62 Cal. App. 4th 460, 475–76 (1998); cf. Tanner v. United States, 483 U.S. 107, 117 (1987) (reciting the common law rule that "the admission of juror testimony to impeach a jury verdict" is "flatly prohibited").  Braxton presents no other evidence of juror misconduct.

Even if the juror statements were admissible, the Court of Appeal reasoned that, at most, the declarations show confusion, not a joint and deliberate refusal to follow instructions.  Braxton, 2007 WL 241648, at *6 (citing Sanchez, 62 Cal. App. 4th at 476).  Although several jurors apparently wouldn't discuss the lesser crime first, id. at *5, there was no evidence at all of an agreement between jury members to disobey or deliberately misrepresent the instructions.

**5.**  Braxton contends that the cumulative effect of the alleged errors "mandates" reversal as a matter of due process and equal protection.  State trial errors that are insignificant by themselves may cumulatively deprive a defendant of due process.  See Lincoln v. Sunn, 807 F.2d 805, 814 n.6 (9th Cir. 1987).  But the

page 11

errors Braxton alleges neither individually nor cumulatively deprived him of a fundamentally fair trial.  Given all the error-free evidence before the jury, it's unlikely Braxton would have received a favorable verdict absent the alleged errors. Without a showing that there was a "substantial and injurious" effect on his trial, Braxton is not entitled to federal habeas relief.  <u>Brecht</u>, 507 U.S. at 637.

*       *       *

Braxton does not meet his burden of showing that the state court's rejection of his Sixth Amendment claim was contrary to, or an unreasonable application of, clearly established Supreme Court precedent or that the alleged errors at trial violated his constitutional rights.  His habeas petition is therefore denied.  Because Braxton has not made a substantial showing that he was denied a constitutional right, a certificate of appealability will not issue.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El</u> v. <u>Cockrell</u>, 537 U.S. 322, 336 (2003).

**PETITION DENIED.**

DATED: August 24, 2012

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation